UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELLY NELSON NORRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1083** |
| **RHONDA LEDET, ET AL.** | **SECTION "O"(5)** |

### REPORT AND RECOMMENDATION

In May 2025, *pro se* plaintiff, Kelly Nelson Norris, submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, against the defendants, Warden Rhonda Ledet, Jason Bergeron, and Terrebonne Parish Consolidated Government, alleging that he was denied the ability to participate in rehabilitation programs.[1] He requests monetary compensation and injunctive relief.

His complaint was treated as deficient because he failed to pay the filing fee or file an application for leave to proceed *in forma pauperis*. The Clerk promptly issued a notice of deficiency to Norris at the prison facility at which he was incarcerated when he submitted his complaint.[2] He did not respond. The undersigned then issued an Order instructing him to comply with the filing requirements and giving him additional time to submit a completed pauper application or the required filing fee.[3] The mail was returned as undeliverable on July 21, 2025, with a notation that Norris had been released from

---

[1] ECF No. 1, Complaint.

[2] ECF No. 3, Notice of Deficient Filing, 5/30/2025.

[3] ECF No. 4, Order.

Terrebonne Parish Criminal Justice Complex.[4] Plaintiff has made no attempt to correct the stated deficiency and has failed to comply with a direct court order to do so. No address correction has been made by Norris and it has been 35 days since the mail was returned.

Rule 41(b) of the Federal Rules of Civil Procedure provides for dismissal of an action based on the failure of the plaintiff to prosecute or comply with any order of the court. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Dept.*, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.

All litigants are obligated to keep the Court advised of any address change. *See* EDLA Local Rules 11.1 and 41.3.1.[5] The complaint form signed by Norris and used to

---

[4] ECF No. 5.

[5] Rule 11 provides that "[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Rule 41.3.1 provides that "[t]he failure of an

initiate this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."   ECF No. 1 at p. 5 (¶ VI, Declaration No. 2).   "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."   *Lewis v. Hardy*, 248 F. App'x 589, 593 n. 1 (5th Cir. 2007).

As noted above, despite acknowledging the obligation when he signed the complaint, Norris has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1.   His inaction has deprived the Court of the ability to communicate with him and to advance his case on the docket.   These failures are attributable to him alone, as a *pro se* litigant.   Accordingly, it is recommended that his lawsuit be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41.3.1.

Norris is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation will result in dismissal of his lawsuit.   A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

attorney or *pro se* litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return."

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. §636(b)(1)).[6]

Accordingly, for the reasons expressed, it is **RECOMMENDED** that Kelly Nelson Norris' complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

New Orleans, Louisiana, this \_\_\_3rd\_\_\_ day of September, 2025.

                                                                                MICHAEL B. NORTH
                                                                    **UNITED STATES MAGISTRATE JUDGE**

---

[6]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.